IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

OCEAN PETROLEUM, LLC           :        CIVIL ACTION
                               :
            v.                 :
                               :
SHRI SHAKTI, INC., et al.      :        NO. 08-4322

MEMORANDUM & ORDER

McLaughlin, J.                                December 29, 2008

The plaintiff has filed this action against the defendants alleging the breach of a contract assigned to the defendants by Reza Kolahdouzan and his company Sir Nafti, LLC, as well as the breach of the conditions of assignment. The defendants have filed a motion to dismiss the complaint pursuant to Rule 19 of the Federal Rules of Civil Procedure on the grounds that Kolahdouzan and his company are required parties whose joinder is infeasible. The Court will grant the defendants' motion to dismiss.

I.      Background

This is a suit filed by Ocean Petroleum, a limited liability corporation whose sole member is a Maryland citizen, against several gas stations and their owners, all of which are Pennsylvania citizens, for breach of a supply contract. The defendants purchased fuel from the plaintiff under a contract assigned to the defendants by Reza Kolahdouzan and Sir Nafti, LLC, both Maryland citizens.

Originally, Kolahdouzan and the plaintiff entered into an agreement in which the plaintiff agreed to sell and deliver British Petroleum-Amoco brand gasoline to Kolahdouzan. Compl. Ex. 1. By its terms, this contract between plaintiff and Kolahdouzan became effective on December 24, 2003, and was to continue in effect for fifteen years. Compl. Ex. 1, ¶1. This contract contained a clause permitting Kolahdouzan to assign his rights and duties in the contract upon the written consent of the plaintiff. That clause stated that "any such assignment shall not release the Purchaser [Kolahdouzan] from its obligations hereunder unless otherwise agreed in writing." Id. Ex. 1, ¶18.

In an separate document executed on March 30, 2004, Kolahdouzan assigned his full interest in the contract to an entity in which he was the sole member, Sir Nafti, LLC. The same instrument made a partial assignment of "certain of [Sir Nafti's] rights and obligations under the [contract of December 24, 2003,]" to the defendants in this suit. Defs' Mot. Dismiss Ex. A ¶3. The terms of this partial assignment are contained in a document entitled "Partial Assignment and Assumption of Complete Contract of Sale (Branded)," which is not included in the record.

The complaint alleges that this partial assignment was subject to certain written conditions, as permitted under the December 24, 2003, contract. The plaintiff alleges that the assignment was conditioned on each of the defendants (1) securing

2

a letter of credit in favor of Ocean Petroleum, or providing
Ocean Petroleum with a cash security deposit, in an amount deemed
satisfactory by Ocean Petroleum to secure payments for motor fuel
deliveries; and (2) maintaining such a letter of credit or
security deposit at all times during the term of the contract.
Compl. ¶20.

The complaint alleges that the defendants failed to
provide either a letter of credit or a security deposit.  The
plaintiffs argue that this constituted a material breach of the
contract.  The complaint contains two counts.  The first is for
breach of contract related to the conditions for Ocean
Petroleum's consent to the assignment of the contract.  The
second count is for a breach of the contract of sale itself.
Compl. ¶¶30-33.

A letter included with the defendants' motion to
dismiss indicates that the defendants and Kolahdouzan believe
that the plaintiff was in material breach of the supply contract
for failing to deliver fuel and retaining monies to which the
defendants were entitled.  Defs' Mot. Dismiss Ex. B.  The
defendants have not yet answered the complaint and therefore none
of these allegations has been filed as counterclaims in this
suit.

Another suit is currently underway in the Court of
Common Pleas of Delaware County, Pennsylvania.  That suit was

3

filed by British Petroleum Products North America against
Kolahdouzan and several of the defendants from this suit.  BP
Products North America, Inc. v. Reza Kolahdouzan, et al., (No.
08-12861) (C.C.P. Del. Cty filed Sept. 16, 2008).  The defendants
have asserted that this separate case concerns an injunction
sought against the defendants that would require them to obtain
gasoline only from Ocean Petroleum.  Defs' Rep. at 5.  The
plaintiff characterizes that case as a property law dispute, in
which British Petroleum is seeking to enforce a covenant running
with the land on which the service stations are located.  That
covenant would require the defendants to sell only British
Petroleum brand motor fuel.  Pl.'s Sur-Reply at 3.  The complaint
in BP Products in fact seeks relief only on the grounds that the
defendants in that case are obligated to sell only British
Petroleum brand fuel.  Id. Ex. 4.


II.      Analysis

        The defendants filed a motion to dismiss the complaint
for failure to join Kolhadouzan and his entity Sir Nafti, LLC, as
indispensable parties pursuant to Rule 19 of the Federal Rules of
Civil Procedure.  Rule 19(a) requires that certain parties be
joined if feasible.  If such an absent party's joinder would
destroy this Court's jurisdiction, however, the Court may in some
circumstances dismiss the complaint pursuant to Rule 19(b).

                              4

A.    Rule 19(a): Which Parties Must Be Joined If Feasible

Those parties which must be joined if feasible are defined by Rule 19(a):

(1) Required Party: A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The absent parties are not required to be joined under Rule 19(a)(1)(A). Regardless of Kolahdouzan's presence in this case, the Court could accord complete relief to the existing parties. In the event that the plaintiff were to win this case, judgment would be entered against the current defendants and the plaintiff would be entirely satisfied. In the event that the defendants prevail in defending this suit, the plaintiff's requests for relief would be denied in their entirety.

5

Nor are the absent parties required to be joined under
the terms of Rule 19(a)(1)(B)(ii).  None of the existing parties
are exposed to inconsistent obligations as a result of the
absence of Kolhadouzan or his LLC.  The issues to be decided in
the state court suit brought by British Petroleum are separate
from the issues in this suit.

The absent parties are required to be joined, however,
under the terms of Rule 19(a)(1)(B)(i), because, "as a practical
matter," the continuation of this suit in the absence of
Kolahdouzan and his LLC would "impair or impede [those absent
parties'] ability to protect" their asserted interest.  The Court
recognizes three ways in which the absent parties' ability to
protect their interests may be impaired were this case to proceed
with only the existing parties.

First, because Kolahdouzan and Sir Nafti retain their
obligations under their contract with the plaintiff, a finding in
this case that the defendants breached their obligations would
necessarily implicate the absent parties' duty to perform.  If
the defendants have failed to fulfill their obligations under the
contract of sale, then those obligations automatically fall on
the shoulders of the absent parties.

Second, assuming that the defendants are found to have
breached their contract with the plaintiffs, the absent parties
may wish to dispute that they must perform on behalf of the

6

breaching assignees.   In a subsequent suit brought by the plaintiffs against the absent parties to enforce their obligations as assignors of the contract, the absent parties may be precluded from arguing that their assignees had not actually breached the contract.

Kolahdouzan and Sir Nafti run the risk of the plaintiff's use of issue preclusion in a subsequent proceeding against them as the assignors of the defendants' rights and duties under the contract.   Issue preclusion is applicable in a subsequent suit where: (1) the issue decided in the prior case is identical to the one presented in the latter case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and, (5) the determination in the prior proceeding was essential to the judgment. City of Pittsburgh v. Zoning Board of Adjustment of City of Pittsburgh, Zullo and Dale, 559 A.2d 896, 901 (Pa. 1989).[1]

---

[1]Although the question of which absent parties are required to be joined under Rule 19 is a matter of federal law, federal courts may look to state law to define the situations in which a party's interest may be impaired by its absence.  See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 405 n.6 (3d Cir. 1993).  In this case, both parties focus their arguments on Pennsylvania as the state whose law will determine

In this situation, the issue that may be precluded by this case would be the finding of a breach of the contract by the defendants.  This issue would be determined by a final judgment on the merits, would be essential to any judgment in this case, and would be identical in a subsequent suit brought against the absent parties seeking to hold them liable for the defendants' breach. There also is a substantial possibility that the defendants in this case and the absent parties are in privity under Pennsylvania law.

A party is in privity with another when they share a mutual or successive interest in rights or property.  <u>Flinn's Estate</u>, 388 A.2d 672 (Pa. 1978); <u>Derry Twp. School Dist. v. Day & Zimmerman, Inc.</u>, 498 A.2d 928 (Pa. Super. Ct. 1985).  As the assignors of their rights and duties, for which they remain bound under the terms of the contract, the absent parties share both a mutual and successive interest in rights under the contract of sale.  Finally, the current defendants would have had an opportunity to defend against an adverse determination of the issue of their breach.

The plaintiff relies on language from the Court of Appeals for the Third Circuit to argue that the facts presented in this case do not warrant a finding that Kolahdouzan or Sir

---

whether issue preclusion would affect the absent parties in a subsequent suit.  The Court, therefore, will do so as well.

8

Nafti are required parties under the terms of Rule 19(a). The plaintiff cites Huber v. Taylor, 532 F.3d 237, 250 (3d Cir. 2008), for the proposition that "[p]rivity...applies for issue preclusion purposes only when a non-party controls or directs the previous litigation or when a party is sued in its capacity as a representative of the non-party." Id. at 251.

Hubert involved a class action brought against several lawyers and their firms by their former clients. The plaintiffs alleged that the defendants had not disclosed material terms of a settlement offer, had not disclosed material aspects of a fee-sharing arrangements among co-counsel, and that defendants had charged inappropriate and inflated fees. The plaintiffs' claims were for breach of fiduciary duty, fraud, conversion, conspiracy to convert and defraud, professional malpractice and violations of state law. The purportedly required party in that case was the plaintiffs' former local counsel. Local counsel asserted that he had jointly-owed fiduciary duties to the clients he shared with defendants. The District Court held that local counsel was in privity with the defendants as co-counsel on the basis of that shared fiduciary duty. Id.

The Court of Appeals reversed the district court's dismissal on the grounds that the absent party was not required to be joined under Rule 19(a). In part, the Court of Appeals

found the "District Court's concern about issue preclusion too speculative to require joinder." Id. at 251.

This case requires no speculation to conclude that there is a substantial risk that the shared interests of Kolahdouzan, Sir Nafti and the defendants place them in privity, and that Kolahdouzan and Sir Nafti risk the impairment of their interests by having the issue of the defendants' breach precluded in subsequent litigation against them.  The absent parties' relationship to the defendants in this case is substantially closer than that shared by the defendants and absent parties in Hubert.  Kolhadouzan and Sir Nafti are not merely joint tortfeasors or joint obligors under the contract, nor does their relationship to the defendants consist solely in a shared fiduciary relationship.  Kolahdouzan and Sir Nafti remain liable under the contract of sale for any failures of performance by the defendants.[2]

A third practical impairment of the absent parties' ability to protect their interest would be the absent parties' inability to defend an attack on the validity of their assignment

_____

[2]The plaintiff at oral argument tried to allay the Court's concern about potential prejudice to the absent parties by proposing certain stipulations to which it would agree.  Such stipulations would not cure the prejudice to the absent parties. First, the plaintiff did not propose a stipulation to deal with all potential prejudice.  Secondly, it is not clear that such an oral stipulation by counsel could bind the plaintiff in future lawsuits.

10

of the contract to the defendants.  "[W]hen the validity of the
assignment itself is at issue, the assignor's joinder may be
required." 7 Charles Alan Wright, Arthur R. Miller & Mary K.
Kane, Federal Practice and Procedure § 1613 (3d ed. 2001).

The complaint in this case directly targets the
conditions of assignment.  Count one of the complaint alleges
that each of the defendants failed to cause to be issued or
maintained a letter of credit in favor of the plaintiff.  Compl.
¶27.  Such a failure could jeopardize the validity of the
assignment.

> B.   Rule 19(b): Determining Whether the Action Should
>      Proceed

The Court must now determine whether, pursuant to Rule
19(b), this suit should be dismissed.  Because Kolahdouzan's and
Sir Nafti's presence in this suit would destroy the Court's
subject matter jurisdiction under 28 U.S.C. § 1332, if the Court
finds that they are indispensable parties, the action must be
dismissed.

Rule 19(b) states that:

If a person who is required to be joined if feasible
cannot be joined, the court must determine whether, in
equity and good conscience, the action should proceed
among the existing parties or should be dismissed. The
factors for the court to consider include:

> (1)   the extent to which a judgment rendered in
>       the person's absence might prejudice that
>       person or the existing parties;

11

     (2)   the extent to which any prejudice could be
           lessened or avoided by:

          (A) protective provisions in the judgment;

          (B) shaping the relief; or

          (C) other measures;

     (3)   whether a judgment rendered in the person's
           absence would be adequate; and

     (4)   whether the plaintiff would have an adequate
           remedy if the action were dismissed for
           nonjoinder.

The Court finds that this case should be dismissed pursuant to the factors set out in Rule 19(b). A judgment against the defendants in the absence of Kolhadouzan and Sir Natti would prejudice their interests. Kolhadouzan and Sir Nafti remain liable under the contract with Ocean Petroleum for performance, and a breach by their assignors may be attributable to Kolahdouzan and Sir Nafti as well. Moreover, a finding that the defendants breached the conditions of assignment would negate the absent parties' attempt to assign their rights and obligations under the contract to the defendants. The Court sees no way in which a final judgment against the defendants could be shaped to prevent such prejudice to the absent parties.

Finally, the Court is convinced that a suit brought by the plaintiffs in state court would provide an adequate remedy for the prevailing parties. The Court notes that both the defendants and the absent parties are parties to a suit currently

12

under way in Pennsylvania state court.  This fact, along with the fact that the contract at issue envisions Pennsylvania as the state of performance, indicates that concerns over the absent parties' amenability to personal jurisdiction in Pennsylvania will not be a barrier to an adequate remedy in state court.

For these reasons, the Court holds that Reza Kolahdouzan and his limited liability corporation, Sir Nafti, LLC, are required parties and that in their absence the action must be dismissed.  Because the absent parties cannot be joined to this action without destroying the Court's subject-matter jurisdiction, the Court grants the defendants' motion to dismiss pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure.

An appropriate order follows.

13

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OCEAN PETROLEUM, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SHRI SHAKTI, INC., et al. | : | NO. 08-4322 |

## ORDER

AND NOW, this 29th day of December, 2008, upon consideration of the defendants' motion to dismiss the complaint (Docket No. 11) and the plaintiff's opposition thereto, and after oral argument held on November 26, 2008, IT IS HEREBY ORDERED that the defendants' motion is GRANTED and the complaint is dismissed in accordance with the attached memorandum of law.

BY THE COURT:

Mary A. McLaughlin, J.